IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

    Respondent,

V.                                                   CRIMINAL NO. 3:00-00112-03
                                                        (CIVIL ACTION NO. 3:05-00250)

TIMOTHY FARLEY,

    Movant.

## FINDINGS AND RECOMMENDATION

Timothy Farley, who was sentenced by the Court to a term of imprisonment of 120 months in June of 2001, has filed a motion under the provisions of 18 U.S.C. §3582(c)(2) asking the Court to reduce his sentence. In his motion, Farley cites Amendment 657 to the Sentencing Guidelines, effective November 1, 2003. The amendment modified the method by which drug weights are calculated for the drug oxycodone, one of the controlled substances involved in the pharmacy burglaries which gave rise to Farley's conviction and sentence.[1] The amendment, made retroactive,[2] limits the weight attributable to a defendant to the actual weight of the oxycodone contained in a pill or capsule rather than, as previously, the weight of the pill or capsule. In Farley's

---

[1] Farley, with others, burglarized two pharmacies in Huntington taking significant amounts of drugs which they intended to sell.

[2] USSG §1B1.10(c).

case, this amendment would not provide a basis for reducing his sentence.[3] In the presentence report, which was adopted by the Court, the probation officer noted that there were "no lab reports available to determine the actual weight of each drug stolen from the drug stores" and that "for Guideline purposes the weight of the active ingredient of each drug was used to determine the total amount of drugs stolen from the pharmacies." Thus, it appears that weight was calculated in this case in the manner now required by Amendment 657.

### RECOMMENDATION

On the basis of the foregoing, it is **RESPECTFULLY RECOMMENDED** that Farley's §3582 motion for sentence reduction be denied..

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a

---

[3] Indeed, application of the amendment would likely the increase his sentence since prior to the amendment one gram of oxycodone equaled 500 grams of marijuana in the Drug Equivalency Table. Subsequent to the amendment, a gram equaled 6,700 grams of marijuana.

judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to transmit a copy of the same to movant and all counsel of record.

DATED: July 27, 2006

/s/ Maurice G. Taylor, Jr.
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE